UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTANTINO SALAZAR-RUBIO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF IMPERIAL REGIONAL DETENTION FACILITY, et al.,<br><br>Respondents. | Case No.: 26-cv-3311-JES-SBC<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**<br><br>**[ECF No. 1]** |

Before the Court is Petitioner Constantino Salazar-Rubio's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Pursuant to the Court's Order to Show Cause (ECF No. 7), Respondents filed a return. ECF No. 8. After due consideration and for the reasons below, the Court **DENIES WITHOUT PREJUDICE** the petition.

## I.    BACKGROUND

Petitioner is a native of Mexico who is currently in detention at the Imperial Regional Detention Facility. ECF No. 1. Petitioner alleges that he first entered the United States in 1983 and became a permanent resident in 1985. ECF No. 1-2. In 1998, he was convicted of murder and sentenced to life in prison. *Id.* After serving a total of 25 years, he was released. *Id.*

1

Due to the criminal conviction, Petitioner alleges that he lost his permanent resident status and was subsequently put into removal proceedings after his release from prison. *Id.* He applied for asylum and withholding of removal, and on March 2, 2022, Petitioner alleges that he was granted Deferral of Removal under the Convention Against Torture. *Id.* He was then released from custody on conditional parole, and instructed to adhere to certain conditions. *Id.* On August 28, 2023, during a scheduled check-in, Petitioner alleges that he was removed to Mexico without any prior warning. *Id.*

After being deported to Mexico, Petitioner alleges that he remained in fear for his life in Mexico and applied to return to the United States through the CBP One Application. *Id.* He was given an appointment on October 2, 2024, and appeared at a Port of Entry for his appointment. *Id.* He was detained upon arrival and has remained in detention ever since. *Id.*

During detention, Petitioner litigated his new removal proceedings. *Id.* On March 16, 2026, he was denied all relief by the Immigration Judge ("IJ") and was ordered removed. *Id.*; ECF No. 8 at 3. Petitioner indicates that he appealed the decision to the Board of Immigration Appeals ("BIA"), but it appears that he subsequently filed a motion to withdraw his appeal to the BIA, which the BIA granted on June 3, 2026. ECF No. 8 at 3.

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview

26-cv-3311-JES-SBC

of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

### III.    DISCUSSION

Based on the facts as alleged in the petition and return, Petitioner's order of removal became final on June 3, 2026, when his appeal to the BIA was dismissed.[1] 8 C.F.R. § 1241.1(a). Once an immigration court enters a final order of removal, § 1231 governs the detention. Under this provision, the government "shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A)-(a)(2)(A). The government shall detain the alien in custody during the initial 90-day removal period by statute. *Id.* In *Zadvydas*, the Supreme Court held that when the government is unable to remove an alien within 90 days, the alien may seek review of the reasonableness of their continued detention under the due process clause through petition for writ of habeas corpus. 533 U.S. at 687. The Court instructed courts to analyze whether continued detention beyond the 90-day period "exceeds a period reasonably necessary to secure removal," based on "the [removal detention] statute's basic purpose, namely, assuring the alien's presence at the moment of removal." *Id.* at 699. The Court has held that it is presumptively reasonable for the government to detain an alien for a period of 6 months while it works to effectuate his removal after issuing a final order of removal against him. *Id.* at 701. Beyond that period, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute" and grant the petition for writ of habeas corpus. *Id.* at 699-700.

With a final order of removal against Petitioner, detention is now governed by § 1231 by statute. Under the § 1231 framework as outlined above, Petitioner's removal

---

[1] Petitioner did not include information in his petition regarding the filing of the motion to withdraw the appeal. However, Respondents filed a sworn declaration from an ICE deportation officer regarding withdrawal of the appeal and BIA's grant of the motion, making the removal administratively final. ECF No. 8-1 ¶¶ 16-17. Thus, the Court takes this as true for the purposes of this order. The denial of the petition is without prejudice, in case the Petitioner has additional facts to present in the future.

26-cv-3311-JES-SBC

period clock started on June 3, 2026, when his removal became final. Thus, to date, his detention period is just over one month, which is still within the presumptively reasonable period articulated in *Zadvydas*.

Accordingly, at this time, the Court must **DENY** Petitioner's petition. The denial, however, is **WITHOUT PREJUDICE** to Petitioner refiling should his detention post-removal extend past the 6-month period of presumptive reasonableness.

## IV.    CONCLUSION

For the reasons discussed above, the Court **DENIES** the Petition **WITHOUT PREJUDICE**. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: July 9, 2026

Honorable James E. Simmons Jr.
United States District Judge

4

26-cv-3311-JES-SBC